IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| W.W. Grainger, Inc., <br><br>           Plaintiff and Counterclaim Defendant <br><br> v. <br><br> Scott Witz, <br><br>           Defendant and Counterclaim Plaintiff. | Case No. 1:23-cv-01690 <br><br> Honorable Sara L. Ellis |

**PLAINTIFF'S AND COUNTERCLAIM DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff and Counterclaim Defendant, W.W. Grainger, Inc. ("Grainger" or the "Company") hereby submits the following Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1. In support thereof, Grainger states as follows:

1. Grainger filed this action to recoup certain equity and cash-based incentive compensation that the Company awarded to Defendant and former employee, Scott Witz ("Witz") during his employment with the Company after Grainger determined that Witz had used a Company-issued laptop to create and store illegal content.

2. The compensation at issue was granted pursuant to the Company's 2015 Incentive Plan ("2015 Plan") and corresponding award agreements, which recited the 2015 plan and were amended slightly by year, but nonetheless provided for recoupment by the Company of those equity and cash-based awards, as well as the proceeds from those awards, under various circumstances, such as engagement in criminal activity, gross misconduct, harm to the Company's reputation or violation of Company policy.

1

3. In December of 2022, the Company notified Witz of its intent to recoup the long-term equity and cash incentive compensation granted, vested or exercised by him after January 1, 2020, and identified the various bases upon which the Company was entitled to such recoupment.

4. To date, Witz refuses to abide by his contractual obligations to repay to the Company the incentive compensation at issue.

5. For the reasons explained below and more fully in the accompanying Memorandum of Law, Grainger is entitled to judgment as a matter of law on all three counts in its Complaint.

A. **Summary Judgment Standard**

6. The question on summary judgment is whether the moving party has shown that there is no genuine dispute as to any material fact and is entitled to judgment as a matter of law. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citing Fed. R. Civ. P. 56(a)). "Such a dispute exists when there is sufficient evidence favoring the non-moving party to permit a trier of fact to make a finding in the non-moving party's favor as to any issue for which it bears the burden of proof." *Id*. (quoting *Packer v. Trs. of Ind. Univ. Sch. of Med.*, 800 F.3d 843, 847 (7th Cir. 2015)).

7. The non-moving party will be successful in opposing summary judgment "only when they present definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (N.D. Ill. 2000) (quoting *Smith v. Severn,* 129 F.3d 419, 427 (7th Cir. 1997)). To satisfy this burden, the non-moving party must do more than create "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see also Gabrielle M. v. Park Forest-Chicago Heights, Ill. Sch. Dist*. 163, 315 F.3d 817, 822 (7th Cir.

2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege *specific* facts creating a genuine issue for trial and may not rely on vague, conclusory allegations") (emphasis in original). Witz cannot meet this burden.

**B.     Grainger is Entitled to Recoupment as a Matter of Law**

8.    Grainger is contractually entitled to recoup the equity and cash incentive compensation awarded to Witz during the period he used Company property to engage in illegal activity.

9.    Witz admits that that he was provided incentive compensation pursuant to the 2015 Plan and applicable award agreements.

10.   Witz further admits that the 2015 Plan and applicable award agreements provide for recoupment in the event that an employee engages in certain misconduct, including criminal activity and violation of Company policy.

11.   Witz admits that he engaged in criminal activity, and Witz's additional record admissions confirm that there is no dispute as to whether he also violated Company policy.

12.   Therefore, the Company is entitled to recoup the incentive compensation awarded to Witz during the period he used Company property to engage in misconduct.

13.   Witz's refusal to repay the contractually owed amounts to Grainger constitutes a breach of contract.

**C.     Witz Breached his Fiduciary Duty to the Company**

14.   Witz's unlawful actions also implicate his fiduciary obligations to the Company.

15.   In his role as Vice President, Witz was an executive and corporate officer of the Company and therefore, owed a duty of care and loyalty to the Company.

3

16. It is undisputed that Witz pled guilty to engaging in illegal conduct while employed as an officer of Grainger – conduct which involved the use of Company property.

17. Witz's conduct placed Grainger in danger of potential liability, compromised the Company's reputation and forced the Company expend significant time and resources assisting law enforcement with Witz's criminal investigation and in seeking recoupment of Witz's incentive compensation.

18. Such conduct necessarily constitutes a breach of Witz's fiduciary duty to the Company and for this additional reason, Grainger is entitled to judgment as a matter of law.

**D.     Witz Engaged in Fraudulent Concealment**

19. Witz also engaged in fraudulent concealment to the detriment of the Company.

20. As a senior executive and fiduciary of the Company, Witz had an obligation to disclose his criminal and policy violations prior to accepting significant sums of money from the Company.

21. There can be no dispute that Witz failed to disclose his misconduct to the Company and instead, accepted over one million dollars in incentive compensation that the Company would have otherwise withheld had it been aware of Witz's actions.

22. Accordingly, the Company is also entitled to judgment as a matter of law on its fraudulent concealment claim against Witz.

**E.     Compliance with Summary Judgment Standing Order**

23. Pursuant to this Court's Standing Order regarding Motions for Summary Judgment, on October 7, 2023, counsel for Grainger advised counsel for Witz via letter of the basis for its Motion for Summary Judgment.

24. Thereafter, on October 19, 2023, counsel for both parties met and conferred regarding Grainger's Motion, during which time they presented their positions as to the potential success or lack thereof of Grainger's Motion. Witz did not concede that Grainger is entitled to summary judgment.

25. Notwithstanding Witz's position, Grainger is confident that it is entitled to judgment as a matter of law and has therefore decided to proceed with filing this Motion.

26. The parties have worked cooperatively to reach a mutually agreeable Joint Statement of Facts required by this Court's Standing Order, which is filed contemporaneously with this Motion.

WHEREFORE, Plaintiff and Counterclaim Defendant respectfully requests the Court enter summary judgment as to Grainger's claims and such further and other relief as the Court deems just and equitable.

Dated: November 15, 2023

By: /s/ Ryan H. Vann
Ryan H. Vann
Miriam Petrillo
COOLEY LLP
110 N. Wacker Drive
Suite 4200
Chicago, IL 60606-1511
T: +1 312-881-6500
F: +1 312-881-6598
rhvann@cooley.com

*Attorneys for Plaintiff and Counterclaim Defendant W.W. Grainger, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notice to the following:

Patrick Gorman
Dennis R. Favaro
Favaro & Gorman, Ltd.
9510 Turnberry Trail
Lakewood, Illinois 60014
Telephone: (815) 477-1110
dfavaro@favarogorman.com
pgorman@favarogorman.com

*Attorneys for Defendant and Counterclaim Defendant*

By:   /s/ Ryan H. Vann
      Ryan H. Vann
      Miriam Petrillo
      COOLEY LLP
      110 N. Wacker Drive
      Suite 4200
      Chicago, IL 60606-1511
      T: +1 312-881-6500
      F: +1 312-881-6598
      rhvann@cooley.com

      *Attorneys for Plaintiff and Counterclaim Defendant W.W. Grainger, Inc.*