**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| W.W. Grainger, Inc., | |
|         Plaintiff and Counterclaim Defendant | |
|       v. | Case No. 1:23-cv-01690 |
| Scott Witz, | Honorable Sara L. Ellis |
|         Defendant and Counterclaim Plaintiff. | |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff and Counterclaim Defendant, W.W. Grainger, Inc. ("Grainger" or the "Company") hereby submits the following Memorandum of Law in Support of its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1.

**INTRODUCTION**

None of what follows is in dispute: Scott Witz is a former Grainger executive who received cash and stock incentive compensation before he left Grainger in 2021. Grainger retained a contractual right to recoup or "clawback" that compensation if Witz violated Company policy, engaged in criminal activity that harmed the Company, or engaged in other misconduct involving the Company.

In 2022, Grainger learned that Witz had used a Company-issued laptop to store child pornography while still employed by Grainger (conduct to which Witz has since pled guilty). Grainger determined that Witz's conduct, among other things, violated Grainger's policy on the acceptable use of Company-issued devices. As a result, the Company invoked the applicable

1

clawback provisions and demanded that Witz return to Grainger over $1.5M in previously awarded cash and stock incentive compensation. Witz refused to repay any incentive compensation to Grainger, prompting Grainger to bring this action to enforce its contractual clawback rights.

These undisputed facts are both straightforward and dispositive. They establish that Witz breached his contractual and fiduciary obligations to Grainger, and that Grainger is entitled to judgment as a matter of law. Witz's own admissions highlight the lack of a material factual dispute on Grainger's claims.

First, Witz does not (and cannot) dispute that Grainger has a contractual right to clawback the incentive compensation at issue here. He admits that the incentive compensation at issue was awarded to him pursuant to Company plan documents and award agreements, and that those agreements contain a clawback provision triggered by violations of Company policy and other employee misconduct, including criminal conduct involving the Company or conduct that could harm the Company's reputation. Witz further admits that these agreements grant the Company, acting through its Board of Directors, the sole discretion to determine whether Witz's conduct triggered the clawback provision, and whether and how to enforce that provision. Moreover, the undisputed record evidence also shows that Witz electronically acknowledged receipt of the award agreements each time he accepted an incentive compensation award.

Second, Witz does not (and cannot) dispute that his conduct triggered those clawback provisions. Witz admits that he was provided a Company laptop during his employment and that Company policy prohibited him from using that laptop to create or store sexually explicit or unlawful materials. Witz concedes that his criminal indictment – to which has since pled guilty to a Class 3 felony – was based all or in part on unlawful content that Witz created and/or stored on his Company-issued laptop from January 2020 to August 2021.

2

Finally, there is no dispute that Grainger properly exercised its contractual right to clawback Witz's incentive compensation. Witz does not (and cannot) dispute that, at a December 2022 meeting, the Company's Board of Directors was made aware of Witz's use of a Company-issued laptop to store child pornography, determined that such conduct violated Company policy, among other things, and authorized the Company to clawback over $1.5M in incentive compensation from Witz. The business judgment rule further protects the Board's exercise of its discretion from judicial review. A main purpose of summary judgment is to avoid the time and expense of a trial when there are no material factual disputes to try. That is the case here. There is no factual dispute that Witz's award agreements were enforceable contracts that contained clawback provisions, that Witz's conduct triggered those provisions, that Grainger complied with its contractual obligations in exercising the clawback provisions, and that Witz refuses to comply with his repayment obligations under those provisions. Summary judgment is therefore appropriate.

## **BACKGROUND FACTS**

Witz was employed by Grainger from May 1, 2001 to July 31, 2021, and from 2008 forward as a Vice President, Compensation. Statement of Facts ("SOF") ¶ 3. Throughout his employment, beginning in at least 2001, Witz received incentive compensation in the form of numerous long-term equity and cash incentive awards. *Id*. at ¶ 13. Beginning in 2015, those awards were granted pursuant to the shareholder-approved W.W. Grainger, Inc. 2015 Incentive Plan (the "2015 Plan"). *Id*. at ¶ 14. The 2015 Plan and applicable award agreements (the "Award Agreements") provided for recoupment by the Company of the equity and cash-based awards, as well as the proceeds from those awards, under various circumstances, such as Witz's engagement

in criminal conduct, gross misconduct, or violation of Company policy. *Id*. at ¶¶ 16-17, 20-25.[1] Witz electronically acknowledged receipt of the award agreements each time he accepted an incentive award. *Id*. at ¶ 15. Between January 1, 2020, and April 1, 2022, Witz became vested in and exercised approximately $1,346,798.4 in equity-based awards and received approximately $295,782.00 in cash incentive payments. *Id*. at ¶ 28.

On August 12, 2021, after the cessation of Witz's employment with the Company, the Arlington Heights, Illinois police department notified the Company that Witz was under investigation for potential criminal conduct and asked that the Company turn over Witz's Company issued laptop (which Witz had returned to the Company after his separation in July 2021). SOF at ¶ 29. On or around August 10, 2022, almost a year after Witz's last working day with the Company, the Cook County State's Attorney filed a criminal complaint charging Witz with felony charges, based all or in part on illegal content that Witz created and/or stored on his Grainger-issued laptop. *Id*. at ¶¶ 30-31. In or around August 15, 2022, multiple local media outlets published articles regarding the charges, including a Chicago Tribune article, which stated in part that the illegal content leading to the indictment was found on a computer issued by his employer.

---

[1] The pertinent provisions of the applicable plans and award agreements are quoted and agreed by the parties in the Joint Statement of Undisputed Facts. Nonetheless, for the sake of completeness should the Court wish to review the documents themselves, the following plan documents (all of which are publicly filed with the Securities and Exchange Commission) are attached as set forth: Restricted Stock Unit Agreement dated April 1, 2016 attached as <u>Exhibit A</u> (inclusive of the 2015 Plan); Restricted Stock Unit Agreement dated April 3, 2017, attached hereto as <u>Exhibit B</u>; Stock Option Agreement dated April 3, 2017, attached hereto as <u>Exhibit C</u>; Restricted Stock Unit Agreement dated April 2, 2018 attached hereto as <u>Exhibit D</u>; Restricted Stock Unit Agreement dated April 1, 2019 attached hereto as <u>Exhibit E</u>; Stock Option Agreement dated April 1, 2019, attached hereto as <u>Exhibit F</u>; Restricted Stock Unit Agreement dated April 1, 2020 attached hereto as <u>Exhibit G</u>; and Restricted Stock Unit Agreement dated April 1, 2021 attached hereto as <u>Exhibit H</u>.

*Id*. at ¶ 33. On September 22, 2022, a Cook County grand jury indicted Witz on five felony counts, based on the same or similar conduct alleged in the criminal complaint. *Id*. at ¶ 32.

On December 14, 2022, the Company's Board of Directors (the "Board") determined that Witz's misconduct, among other things, "violate[d] the Company's prohibitions on the use of Company-issued electronic devices to store or create any materials that are sexually explicit, obscene, inappropriate, or otherwise unlawful, involves allegations of criminality and is conduct that could cause harm to the Company's reputation given the seriousness of the charged crimes and Witz's tenure and senior role at the Company." *Id*. at ¶ 39.[2] In light of this finding, the Board delegated to the Company the authority to seek recoupment of the long-term equity and cash incentive compensation granted, vested or exercised by Witz after January 1, 2020, totaling approximately $1,682,481.00. *Id*. at ¶ 40.

On December 15, 2022, the Company notified Witz of its intent to recoup this compensation, identified the various bases upon which the Company was entitled to such recoupment, and demanded that Witz promptly repay this compensation. *Id*. at ¶ 41. On September 18, 2023, Witz pled guilty to one count of child pornography – possession, a Class 3 felony. *Id*. at ¶ 36. On September 25, 2023, Witz was sentenced to thirty (30) months' probation and assessed a fine of $1,374.00. *Id*. at ¶ 37.

At the time the Company granted Witz the equity and cash incentive compensation, it had no reasonable way of knowing that Witz had engaged in criminal conduct or that he had used Grainger property to facilitate that conduct. Had the Company been aware of Witz's illegal conduct, it would have immediately ceased the issuance and vesting of any and all incentive compensation to Witz, terminated his employment, recouped any equity or cash-based incentive

---

[2] *See* Declaration of Nancy Berardinelli-Krantz, October 27, 2023, attached hereto as <u>Exhibit I</u>.

compensation previously awarded to Witz, and refrained from granting Witz any further incentive compensation awards.

## ARGUMENT

The question on summary judgment is whether the moving party has shown that there is no genuine dispute as to any material fact and is entitled to judgment as a matter of law. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citing Fed. R. Civ. P. 56(a)). "Such a dispute exists when there is sufficient evidence favoring the non-moving party to permit a trier of fact to make a finding in the non-moving party's favor as to any issue for which it bears the burden of proof." *Id*. (quoting *Packer v. Trs. of Ind. Univ. Sch. of Med.*, 800 F.3d 843, 847 (7th Cir. 2015)).

The non-moving party will be successful in opposing summary judgment "only when they present definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (N.D. Ill. 2000) (quoting *Smith v. Severn,* 129 F.3d 419, 427 (7th Cir. 1997)). To satisfy this burden, the non-moving party must do more than create "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see also Gabrielle M. v. Park Forest-Chicago Heights, Ill. Sch. Dist.* 163, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege *specific* facts creating a genuine issue for trial and may not rely on vague, conclusory allegations") (emphasis in original). Witz cannot meet this burden.

### I. Grainger is Entitled to Recoupment as a Matter of Law

Grainger is contractually entitled to recoup the equity and cash incentive compensation at issue. Witz's refusal to repay the contractually owed amounts to Grainger constitutes a breach of

the 2015 Plan and the applicable Award Agreements. To recover a breach of contract in Illinois, Grainger must establish: "(i) the existence of a valid and enforceable contract; (ii) performance by the plaintiff; (iii) breach of contract by the defendant; and (iv) resultant injury to the plaintiff." *Ragan v. BP Prods. N. Am.*, 2019 U.S. Dist. LEXIS 203966 at \*47 (citing *Van Der Molen v. Washington Mutual Finance, Inc.*, 835 N.E.2d 61, 69 (1st Dist. 2005)). Witz's explicit admissions foreclose any finding of a genuine dispute of fact regarding Grainger's contractual rights and Witz's attempted circumvention of those rights.

Witz admits that his incentive compensation was awarded pursuant to the 2015 Plan and applicable Award Agreements. Witz electronically acknowledged receipt of the Award Agreements each time he received an award. Witz concedes that he received all of the equity and cash compensation that Grainger now seeks to recoup. Witz further admits that the 2015 Plan and the applicable Award Agreements subjected this compensation to recoupment by the Company in the event that Witz violated Company policy, engaged in criminal conduct involving or relating to the Company, or engaged in conduct detrimental to the business or reputation of the Company or other "misconduct." Only one of these conditions was required to trigger the clawback, but Witz's conduct violated several.

Witz concedes that during his employment, he was issued a Company laptop, and that his use of that laptop was subject to the Company's Acceptable Use Policy, which prohibited among other things, employees from using Grainger technology to create or store sexually explicit or unlawful materials. Witz further concedes that after his separation from employment, the Arlington Heights, Illinois police department requested possession of Witz's Company-issued laptop and thereafter, issued a criminal complaint against Witz based in part on illegal content that Witz created and/or stored on that laptop. Witz likewise agrees that his criminal indictment, which

7

contained five felony counts based on the content contained in his Company issued laptop, alleged that the offense(s) began in March 2020 and continued through August 2021.

As Witz concedes, multiple local media outlets subsequently published articles regarding the charges, including a Chicago Tribune article, which stated in part that the illegal content leading to the indictment was found on a computer "issued by Mr. Witz's employer." Witz has since pled guilty to possession of child pornography as a result of the illegal content that he stored on his Company-issued laptop while employed by the Company.

On December 14, 2022, the Board determined that Witz's misconduct, among other things, "violate[d] the Company's prohibitions on the use of Company-issued electronic devices to store or create any materials that are sexually explicit, obscene, inappropriate, or otherwise unlawful, involves allegations of criminality and is conduct that could cause harm to the Company's reputation given the seriousness of the charged crimes and Mr. Witz's tenure and senior role at the Company." In light of this resolution, the Board exercised its discretion to authorize the Company to recoup the monetary value of those awards issued to Witz during the time he engaged in the conduct underlying his indictment (i.e. 2020 – 2021). The Award Agreements grant the Board "sole discretion" to determine whether Witz's conduct triggered the clawback provision, as well as whether and how to enforce that provision. None of these facts are in dispute.

In short, Witz has admitted the presence of a valid contract, the Company's performance under the contract, and his breach of that contract. Witz's breach has deprived Grainger of the $1,682,481.00 in incentive compensation granted to him during the period of his unlawful conduct – the retention of which is a "clear injury" to Grainger. *See Ragan*, 2019 U.S. Dist. LEXIS 203966, at *48. With these express admissions, there is simply no way that Witz can present "definite, competent evidence" of a genuine issue of material fact. Accordingly, Grainger is entitled to

judgment as a matter of law with respect to its claims for recoupment of Witz's incentive compensation. *Smith*, 129 F.3d at 427; *see also Ragan*, 2019 U.S. Dist. LEXIS 203966, *47 (the undisputed material facts established all elements of a breach of contract claim for failure to repay signing bonus where the employee admitted to the existence of a valid contract, and she breached that contract after a triggering event occurred by failing to repay the bonus).

## II.  Witz Breached his Fiduciary Obligations to Grainger

Witz's unlawful actions also implicate his fiduciary duty to the Company. To establish a breach of fiduciary duty, Grainger must show: (1) the existence of a fiduciary duty, (2) a breach of that duty, and (3) an injury resulting from the breach. *Petri v. Gatlin*, 997 F. Supp. 956, 977 (N.D. Ill. 1997). In Illinois, courts regard "breach of fiduciary duty as controlled by the substantive laws of agency, contract, and equity." *Id*. at 978.

It is undisputed that in his role as Vice President, Witz was an executive and corporate officer of the Company. Corporate officers owe fiduciary duties of care and loyalty to their corporations. *See Brown v. Tenney*, 125 Ill.2d 348, 359 (1988); *see also Crown Packaging Int'l, Inc. v. Brown*, 2014 IL App (1st) 140284-U at ¶ 21 (quoting ABC *Trans National Transport, Inc. v. Aeronautics Forwarders Inc*., 62 Ill. App. 3d 671, 683 (1978) ("Employees owe fiduciary duties to their employers . . . a fiduciary cannot act inconsistently with his agency or trust").

It is also undisputed that Witz pled guilty to engaging in illegal conduct while employed as an officer of Grainger – conduct which involved the use of Company property. Such conduct necessarily constitutes a breach of Witz's fiduciary duty to Grainger. Witz's conduct placed Grainger in danger of potential liability and compromised the Company's reputation. The Company has also been forced to spend significant time and resources assisting law enforcement

with its criminal investigation into Witz's unlawful conduct and in seeking recoupment of compensation owed pursuant to the Plan and applicable Award Agreements.

The Company is therefore entitled to restitution for Witz's egregious actions, and the time and expense incurred by the Company as a result of those actions. *See Crown Packaging*, 2014 IL App (1st) 140284-U at ¶ 27; *see also Vendo Co. v. Stoner*, 321 N.E.2d 1 (1974) (under Illinois law, it is clear that the full forfeiture of compensation is a permissible measure of damages for the breach of fiduciary duties); *see also ABC Trans National Transport, Inc. v. Aeronautics Forwarders, Inc.*, 90 Ill. App. 3d 817, 838 (1980) ("one who breaches fiduciary duties has no entitlement to compensation during a willful or deliberate course of conduct adverse to the principal's interests").

Because there is no factual dispute regarding Witz's fiduciary obligations to Grainger, the conduct in which Witz engaged vis-à-vis his Company-issued laptop, and the consequent damages in the form of potential liability, damage to reputation and the expenses incurred in enforcing its contractual right to recoupment, the Company is entitled to judgment as a matter of law on its breach of fiduciary duty claim against Witz.

**III.    Witz Fraudulently Concealed Material Information from Grainger**

The record evidence also establishes that Witz is liable to Grainger for fraudulent concealment. A claim for fraudulent concealment requires a showing that a party intentionally omitted or concealed a material fact while under a duty to disclose that fact to the claimant. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012). Ordinarily, such a duty arises from a fiduciary or special "trust" relationship between the parties. *Id*. "Silence combined with deceptive conduct or the suppression of material facts result in active concealment [. . .]" *Henderson Square Condo. Ass'n v. Lab Townhomes, L.L.C.*, 2014 IL App (1st) 130764 at ¶ 99.

Here, there can be no dispute that from 2020 through 2022, Witz readily accepted and exercised equity and cash-based incentive compensation while no doubt aware that his criminal activity and policy violations would render him ineligible to receive such incentive compensation. It is also undisputed that during this time, the Company had no knowledge that it was providing incentive compensation to an executive who was using Company property to commit serious crimes. Had the Company been aware of such misconduct, it would immediately have ceased the issuance and vesting of any and all incentive compensation to Witz. Instead, it allowed Witz to collect over one million dollars in incentive compensation to which he was not entitled. As a result of Witz's concealment, the Company has incurred damages, including but not limited to the loss of the long-term incentive compensation provided to and fraudulently retained by Witz. For these reasons, Grainger is entitled to judgment as a matter of law on its fraudulent concealment claim.

## CONCLUSION

For the reasons stated above, Plaintiff and Counterclaim Defendant respectfully requests that this Court grant its Motion for Summary Judgment and enter judgment in its favor.

Dated: November 15, 2023

By:    /s/ Ryan H. Vann

Ryan H. Vann
Miriam Petrillo
COOLEY LLP
110 N. Wacker Drive
Suite 4200
Chicago, IL 60606-1511
T: +1 312-881-6500
F: +1 312-881-6598
rhvann@cooley.com

*Attorneys for Plaintiff and Counterclaim
Defendant W.W. Grainger, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notice to the following:

Patrick Gorman
Dennis R. Favaro
Favaro & Gorman, Ltd.
9510 Turnberry Trail
Lakewood, Illinois 60014
Telephone: (815) 477-1110
dfavaro@favarogorman.com
pgorman@favarogorman.com

*Attorneys for Defendant and Counterclaim Defendant*

By:   /s/ Ryan H. Vann
Ryan H. Vann
Miriam Petrillo
COOLEY LLP
110 N. Wacker Drive
Suite 4200
Chicago, IL 60606-1511
T: +1 312-881-6500
F: +1 312-881-6598
rhvann@cooley.com

*Attorneys for Plaintiff and Counterclaim Defendant W.W. Grainger, Inc.*